THE STATE *v.* JACOB MANUEL.

Whether a witness of tender years has sufficient intelligence and sense ·of the obligation of an oath, to be competent, is a matter within the ·discretion of the Judge who presides at the trial, and therefore, cannot be reviewed upon appeal.

A prisoner has no right to except on account of the court's having taken a recess during the trial, from one evening to the next morning; *nor*, because the Court declined to provide that, during such recess, the witnesses for the State should be kept separate.

MURDER, tried before *Buxton, J.*, at Spring Term 1870 of CUMBERLAND Court.

Upon the trial, a witness named Parker, who said he was " going on" twelve years of age, was introduced by the State, and being objected to by the prisoner for want of intelligence and regard for the obligation of an oath, said, upon preliminary examination, in answer to questions put to him: That he had been to Church once or twice in his life, but never to Sunday-school: that he had heard that there was a God, and also a place of eternal punishment, but did not know whether there were such; that the number of days in the week were *six;* that persons, who swore to lies, would go to the devil, and also be placed under arrest by the Court; that he believed it would be a sin to come into Court, and tell a lie; that he believed that there is a God, and that He will

send liars to the devil. He also said that he could count *forty*, but upon trying, after counting correctly to *thirty-eight*, he skipped to *forty-one.*

He was thereupon admitted, and the defendant excepted.

At night-fall of the first day, the State not having examined all of its witnesses, the Court proposed to adjourn. The defendant objected to any adjournment until the State's witnesses had been gone through with. Upon the Court's overruling this objection, the defendant further requested that the witnesses for the State should be kept separate during the recess. His Honor, however, believing that proper means to elicit truth had already been resorted to, declined this application also.

Verdict, Guilty; Judgment, and Appeal by the defendant.

*No counsel*, for the appellant.

*F. H. Busbee*, for the Attorney-General, *contra.*

SETTLE, J. The first exception made by the prisoner, to-wit: to the introduction of the witness, Parker, who was "going on" twelve years of age, was disposed of by his Honor after a full investigation. This was a matter resting solely in the discretion of his Honor, and we cannot review his ruling, in this Court. It may not be improper to say that we think from the evidence transmitted to this Court, that his discretion was properly exercised.

At night-fall the prisoner contended that the Court could not adjourn until morning, without his consent, and insisted upon proceeding with the trial. If this were so, the decisions of our Courts would frequently turn upon the physical powers and the endurance of the prisoner, rather than upon the law and justice of the case. True, there are certain steps during the progress of a trial which cannot be taken without the consent of the prisoner, *e. g.* the discharge of the

STATE *v.* MANUEL.

jury before they render their verdict, except under overruling circumstances amounting to a necessity. Perhaps it is upon this idea that the prisoner founds his exception. But it is wholly inadmissible. The usual adjournments from day to day, and for refreshment, are altogether at the discretion of the presiding Judge.

Again the prisoner excepts, because his Honor declined to take steps to keep the witnesses separate during the night. They had been separated during the trial in the day. The separation of witnesses, at any time, is a matter for the discretion of the Court, and even if his Honor had refused to order their separation at the trial, it would have furnished no just ground of exception. Because of the importance of the case to the prisoner, we have noticed all of his exceptions *seriatim.* We have also carefully examined the record, and have not been able to discover any error. The judgment of the Superior Court is affirmed.

Let this be certified, &c.

PER CURIAM.                     Judgment affirmed.