## A. D. JONES v. SOUTHERN RAILWAY COMPANY.

(Filed 13 December, 1913.)

1. **Appeal and Error — Verdicts — Judgment — Variance — Penalty Statutes.**

   A judgment recovered against a carrier for damages and statutory penalty for failure to deliver a shipment or make payment of loss within ninety days was obtained in a magistrate's court in the sum of $14.82. Upon appeal, the plaintiff was permitted to amend so as to claim 2 cents less than the amount of the judgment, and upon verdict for $14.80 judgment was entered for $14.82: *Held*, the judgment in the Superior Court should be modified in accordance with the verdict, and no reversible error is found.

2. **Appeal and Error—Pass Briefs—Rules of Court.**

   Briefs which merely state with reference to the exceptions taken of record, "Exception No. 1. This question and answer are incompetent," etc., afford no assistance to the Court. They are merely pass briefs, and do not conform to the rules.

APPEAL by defendant from *Long, J.,* at October Term, 1912, of JACKSON.

The plaintiff had a shipment of cotton-seed meal and cottonseed hulls shipped to him at Barkers Creek from Murphy, N. C. Part of this shipment was lost or was stolen, and the plaintiff filed a claim with the agent of the defendant at Dillsboro for

JONES *v.* R. R.

$14.80, covering that portion of the shipment which was lost or destroyed. The claim was not paid within ninety days, and the plaintiff brought suit before a justice of the peace for $14.82, and for $50 penalty, and recovered judgment for the amount sued for, and the defendant appealed to the Superior Court. While the case was on trial in the Superior Court the plaintiff, by permission of the court, amended the summons so as to demand $14.80 damages instead of $14.82.

The jury answered the issue assessing his damage for lost goods at $14.80, and gave him $50 penalty, and the plaintiff took judgment against the defendant for $14.82 for lost goods and for $50 penalty, and the defendant appealed.

*No counsel for plaintiff.*
*Moore & Moore and Martin, Rollins & Wright for defendant.*

PER CURIAM. We have examined the record, and find no merit in the exceptions taken, except that the defendant has the right to have the judgment modified to conform to the verdict, by striking out two cents of the recovery.

Counsel for the defendant have probably filed as valuable a brief as could have been prepared, but we call the attention of the profession to the fact that it is no compliance with the rules to say, "Exception No. 1. This question and answer were incompetent." "Exceptions 4 and 5. These portions of the charge here excepted to are erroneous."

Briefs, to be helpful to the Court and to litigants, should contain a succinct statement of the facts and the reasons for the exceptions taken, and the authorities relied on. A "pass brief" does no good to either.

No error.