STATE v. RUFUS SATTERFIELD.

(Filed 10 October, 1934.)

1. **Homicide G e—Evidence held sufficient to be submitted to jury on charge of murder in the first degree.**

Evidence that deceased was shot and killed while he was standing in the doorway of his home as he came out of his home to investigate the barking of his dog, that the fatal shot was fired from a point in a cotton patch a short distance away, and that at such point were fresh wadding for a 12-gauge gun and matches broken and splintered in a manner characteristic of defendant, and that there were tracks leading to and away from such point, indicating a "pin-toed" person in rapid flight, and that defendant was "pin-toed," and that defendant had borrowed a 12-gauge gun shortly before the homicide, with testimony of witnesses that they had seen a man who looked like defendant get out of a car and walk toward the point from which the shot was fired, and that he carried a gun, together with evidence of motive and other incriminating circumstantial evidence, *is held* sufficient to be submitted to the jury on a charge of murder in the first degree.

2. **Criminal Law I j—Only incriminating evidence need be considered upon a motion as of nonsuit.**

Only incriminating evidence need be considered upon defendant's motion as of nonsuit under C. S., 4643, and contradictions in the inculpatory testimony and equivocations of some of the State's witnesses, which affects the weight or credibility of the evidence but not its competency, need not be taken into account in determining whether there is any competent evidence to sustain the allegations of the indictment.

3. **Criminal Law I l: Homicide H c—**

Where all the evidence tends to show that deceased was killed by a person lying in wait, with evidence that defendant committed the crime, it is not error for the court to limit the jury to a verdict of guilty of · murder in the first degree or not guilty. C. S., 4200.

4. **Witnesses A a—**

The competency of a 7-year-old child to testify as a witness is a matter resting in the sound discretion of the trial court.

5. **Criminal Law I e—Court has discretionary power to allow solicitor to offer additional evidence after argument is begun.**

It is within the sound discretion of the trial court to allow the solicitor to offer additional evidence after the argument has begun, and in this case there was no suggestion of abuse of discretion, it appearing that the evidence was not discovered until the night before, and that the court stated it would allow defendant any reasonable time to investigate the additional evidence.

6. **Criminal Law J a—**

A motion in arrest of judgment is proper when, and only when, some error or fatal defect appears upon the face of the record.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, J.,* at January Term, 1934, of WAYNE.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Herbert Grice.

The evidence for the State tends to show that about 9 p.m., Sunday, 22 October, 1933, Herbert Grice was shot and killed at his home in Goldsboro. He had been sitting with his wife and three children in their sitting room, when he heard his dog bark, and in going out to investigate the cause of the barking, was greeted with a load of buckshot and felled either in the doorway or on the front porch. He died immediately. The shot was fired from a point in a cotton patch a distance of about forty feet from the Grice house. Here, there was a "trampled-up place" on the ground, and, in the line of fire, fresh wadding from a 12-gauge gun was found. There was also on or near the trampled ground matches broken and splintered in a manner characteristic of a habit of the defendant. There were tracks leading to this point, and others away from it, indicating a "pin-toed" person in rapid flight, the toes of the shoes only making impressions upon the ground. The defendant is "pin-toed."

Lonie Fields testified that shortly before the shooting she and her 7-year-old daughter saw a man get out of an automobile near the Grice home and go in the direction of the cotton patch. He had a shotgun in his hands. "He looked like that man over there" (pointing to the defendant).

Dorothy Fields, the little child, positively identified the defendant as the man she saw get out of the automobile with a shotgun "folded up in his arms" and go in the direction of the cotton field.

On cross-examination, this witness said the defendant had been pointed out to her in the courtroom that morning by her mother as the man they saw on the night of the homicide; that it was a dark night and she had never seen the defendant before. Upon this admission, the defendant moved to strike out the testimony of the witness. Overruled; exception.

There was other evidence to the effect that, for quite awhile, the defendant had been paying undue attentions to the wife of the deceased—this as furnishing a motive for wanting to get rid of him—also that he had borrowed a gun from Redmond Dortch and sent him word, on the day after the homicide, not to say anything about it, as he forgot to mention the fact to the sheriff when being questioned about the case.

The sheriff testified that he saw the defendant on the night of the homicide. "He appeared to be nervous, . . . told me he did not have a shotgun, but he thought there was one around home, an old one around home somewhere, but he did not know where it was and had not seen it for years."

The sheriff also testified that Lonie and Dorothy Fields had stated to him practically the same things as detailed in their testimony.

Redmond Dortch testified that the defendant returned his gun on the day after the homicide, with the statement: "I am sorry I did not get a chance to clean it. I meant to clean it for you." Both barrels had been shot and there was new rust on it. "He did not say anything to me when he returned the gun about having been doing any hunting of any kind."

The defendant offered evidence tending to establish an alibi. He denied the testimony of the State.

After the argument had begun, the solicitor was allowed to offer additional evidence, discovered only the night before, "and bearing upon the presence of the defendant in the neighborhood where the crime was committed and the car he was operating at the time." Objection; overruled; exception. The court stated he would allow the defendant any reasonable time to investigate this additional evidence. Exception.

Motion in arrest of judgment. Overruled; exception.

Verdict: Guilty of the felony and murder in the first degree whereof he stands charged.

Judgment: Death by electrocution.

Defendant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Dickinson & Bland, Scott B. Berkeley, and Paul B. Edmundson for defendant.*

STACY, C. J., after stating the case: Only the inculpatory evidence has been stated, as the principal exception relied upon by the defendant is the refusal of the court to sustain his demurrer to the evidence or to dismiss the action as in case of nonsuit under C. S., 4643. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *S. v. Cohoon,* 206 N. C., 388. With respect to the defendant's alibi, it is sufficient to say he was given the full benefit of all exculpatory matters before a jury of the vicinage. *S. v. Steen,* 185 N. C., 768, 117 S. E., 793. The evidence was such as to require its submission to the twelve. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Lawrence,* 196 N. C., 562, 146 S. E., 395; *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895.

Counsel for the defendant assailed the State's case with force and vigor, pointing out the apparent contradictions in the testimony and the equivocation of some of the witnesses, but these were matters bearing upon the weight of the evidence or its credibility, and not upon its competency. The jurors alone are the triers of the facts. *S. v. Beal, supra.* In passing upon the sufficiency of the evidence, raised by demurrer or

motion to nonsuit, the court is required merely to ascertain whether there is any competent evidence to sustain the allegations of the indictment. *S. v. Marion,* 200 N. C., 715, 158 S. E., 406; *S. v. Carlson,* 171 N. C., 818, 89 S. E., 30; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669.

Nor was there error in limiting the jury to one of two verdicts—murder in the first degree or not guilty. *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995; *S. v. Ferrell,* 205 N. C., 640, 172 S. E., 186; *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96; *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402. It is provided by C. S., 4200, that a murder which shall be perpetrated by means, *inter alia,* of lying in wait, as was the case here, shall be deemed to be murder in the first degree. *S. v. Keaton,* 206 N. C., 682; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Smith,* 201 N. C., 494, 160 S. E., 577; *S. v. Wiseman,* 178 N. C., 784, 101 S. E., 629.

The competency of the little girl to testify as a witness in the case was a matter resting in the sound discretion of the trial court. *S. v. Merrick,* 172 N. C., 870, 90 S. E., 259.

Speaking to the identical question in *S. v. Edwards,* 79 N. C., 648, *Reade, J.,* delivering the opinion of the Court, said: "Formerly the age at which infants might be examined as witnesses was almost arbitrary. They were not regularly admissible under fourteen, subject to exceptions. At one time it was a general rule that none could be admitted under nine years, very few under ten. Gilb. Ev., 144; 1 Hale P. C., 302; 2 *Ib.,* 278; 1 Phil. Ev. But of late years, since the means and opportunities for the early cultivation of the intellect have multiplied, a more reasonable rule has been adopted, and age is not to (the) test, but the degree of understanding which they possess, including their moral and religious culture. 1 Phil. Ev.; 1 East P. C., 448; 1 Leach, 190; Roscoe Cr. Ev., 106 n. . . .

"In the case of infants where there was sufficient capacity to understand the transaction and to communicate it, but not sufficient moral and religious impression to comprehend the obligation of an oath, time has been allowed to make the impression and to cultivate the conscience. 1 Leach, 199, 430.

"There being now no arbitrary rule as to age, and it being a question of capacity, and of moral and religious sensibility in any given case whether the witness is competent, it must of necessity be left mainly if not entirely to the discretion of the presiding judge. *S. v. Manuel,* 64 N. C., 601. It may be stated, however, that a child of tender years ought to be admitted with great caution; and where there is doubt it ought to be excluded."

Likewise, allowing the solicitor to offer additional evidence after the argument had begun, was a matter addressed to the sound discretion of the trial court, and there is nothing on the record to suggest any abuse

HERSHEY CORP. *v.* R. R.

of discretion in this respect. *S. v. King,* 84 N. C., 737; *S. v. Haynes,* 71 N. C., 79; *S. v. Rash,* 34 N. C., 382.

It is not perceived upon what ground the motion in arrest of judgment could have been allowed. Such a motion is proper when—and only when—some error or fatal defect appears on the face of the record. *S. v. Bittings,* 206 N. C., 798; *S. v. Grace,* 196 N. C., 280, 145 S. E., 399; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281; *S. v. Mitchem,* 188 N. C., 608, 125 S. E., 190.

A searching investigation of the record leaves us with the impression that the case is free from reversible error. Hence, the verdict and judgment will be upheld.

No error.

SCHENCK, J., took no part in the consideration or decision of this case.