STATE v. WILLIAM JACKSON.

(Filed 27 January, 1937.)

**1. Witness § 4—**

The competency of a nine-year-old girl to testify is a matter resting in the sound discretion of the trial court.

**2. Criminal Law § 67—**

The jurisdiction of the Supreme Court upon appeal in criminal cases is limited to matters of law or legal inference. N. C. Constitution, Art. IV, sec. 8.

APPEAL by defendant from *Armstrong, J.,* at September Term, 1936, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with rape, in violation of C. S., 4204.

Verdict: Guilty.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Williams & Bright for defendant.*

STACY, C. J. The prosecuting witness is a negro girl nine years of age; the defendant, a negro preacher. The testimony of the prosecutrix in support of the offense charged is positive and direct; that of the defendant in denial, equally positive and direct. The trial of the cause

resolved itself into a controverted issue of fact, determinable alone by the jury. It is a sordid story, and no useful purpose would be served by soiling the pages of our reports with a detailed recitation of the facts.

The competency of the prosecutrix to testify as a witness in the case was a matter resting in the sound discretion of the trial court. *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257. "There being now no arbitrary rule as to age, and it being a question of capacity and of moral and religious sensibility in any given case whether the witness is competent, it must of necessity be left mainly, if not entirely, to the discretion of the presiding judge. *S. v. Manuel,* 64 N. C., 601. It may be stated, however, that a child of tender years ought to be admitted with great caution; and where there is doubt, it ought to be excluded." *Reade, J.,* in *S. v. Edwards,* 79 N. C., 648.

The testimony of Dr. H. M. Hankins, a medical expert, offered by the State, "She had been penetrated. . . . Won't swear male did it. . . . I don't believe an adult of normal development could have intercourse with the prosecutrix," taken in connection with the child's apparent immaturity of judgment, or slight appreciation of the effect of her testimony, makes the case quite an unusual one. It will doubtless be reviewed by the commuting authority. Our jurisdiction is limited to reviewing, on appeal, decisions upon matters of law or legal inference. Const., Art. IV, sec. 8; *S. v. Whiteside,* 204 N. C., 710, 169 S. E., 711; *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643.

A searching investigation of the record leaves us with the impression that no reversible error has been made to appear.