## STATE v. ARTHUR GIBSON.

(Filed 6 May, 1942.)

**1. Indictment § 12—**

After plea of not guilty is entered, a motion to quash the indictment can no longer be made as a matter of right, but is addressed to the discretion of the court, and the exercise of such discretion is not reviewable on appeal.

**2. Rape § 4b—**

Intent is not an element of the offense of carnally knowing or abusing a female child under the age of twelve years, C. S., 4204, and a motion to quash an indictment therefor on the ground that it failed to allege "intent" is properly denied.

**3. Indictment § 9—**

Ordinarily, an indictment for a statutory offense which follows the language of the statute is sufficient.

**4. Indictment § 10—**

An indictment stipulating the name of prosecutrix as "Robinson" instead of "Rolison" *held* not fatally defective, the doctrine of *idem sonans* being applicable.

**5. Witnesses § 4—**

The competency of a five-year-old child to testify as a witness rests in the sound discretion of the trial court.

**6. Same—**

The fact that the trial court permitted a five-year-old child to testify as a witness, and held that another child, six years old, was incompetent, does not manifest abuse of discretion, but care and discernment.

**7. Rape § 4d—**

Evidence of defendant's guilt of carnally knowing a female child under the age of 12 *held* sufficient to be submitted to the jury.

STATE *v.* GIBSON.

**8. Criminal Law § 79—**

Defendant's exceptions should be set out in his brief and reason or argument stated and citation of authorities given under each exception, otherwise the exceptions will be taken as abandoned.

APPEAL by defendant from *Phillips, J.,* at January Term, 1942, of BUNCOMBE.

Criminal prosecution upon indictment charging defendant with feloniously ravishing and carnally knowing a female child six years of age. C. S., 4204.

Verdict: Guilty of rape as charged in the bill of indictment.

Judgment: Death by asphyxiation.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*DeVere C. Lentz for defendant, appellant.*

WINBORNE, J.  Scrutinous consideration of each of the exceptions taken in behalf of defendant in trial below fails to show prejudicial error in the trial in Superior Court.

We advert to some of the exceptions.

The first is to the refusal of the court to grant motion to quash the bill of indictment, made by defendant after defendant had pleaded not guilty and after the jury had been selected and impaneled.  The grounds upon which the motion is based are not stated in the record.  Yet in brief of defendant, filed in this Court, it is stated that the bill of indictment should have had the word "intent" in it, and should have designated the alleged victim in her real name "Rolison" instead of "Robinson."

At the outset the motion for consideration as a matter of right was not made in time.  Decisions of this Court are uniform in holding that a motion to quash the bill of indictment, if made after plea of not guilty is entered, is addressed to the discretion of the trial court.  The exercise of such discretion is not reviewable on appeal.  *S. v. Jones,* 88 N. C., 672; *S. v. Pace,* 159 N. C., 462, 74 S. E., 1018; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

In the next place "intent" is not an element of the offense for which defendant is indicted under C. S., 4204.  Deleting impertinent words, this statute provides that "Every person . . . who is convicted of unlawfully and carnally knowing and abusing any female child under the age of twelve years, shall suffer death."  The bill of indictment sought to be quashed follows substantially the words of the statute as to essential

elements, and, hence, in conformance with the rule ordinarily applied in the decisions of this Court, meets the requirement of law. *S. v. Cole,* 202 N. C., 592, 163 S. E., 594; *S. v. Jackson,* 218 N. C., 373, 11 S. E. (2d), 149, and numerous other cases.

Lastly, if advantage of the alleged variance between the real name of the alleged victim, and that given in the bill of indictment, could be taken on motion to quash rather than upon motion to nonsuit as was done in *S. v. Whitley,* 208 N. C., 661, 182 S. E., 838, we are of opinion and hold that the doctrine of *idem sonans* applies. *S. v. Patterson,* 24 N. C., 346; *S. v. Hester,* 122 N. C., 1047, 29 S. E., 380; *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308; *S. v. Chambers,* 180 N. C., 705, 104 S. E., 670; *S. v. Whitley, supra; S. v. Dingle,* 209 N. C., 293, 183 S. E., 376; *S. v. Reynolds,* 212 N. C., 37, 192 S. E., 871. In fact the identity of person does not appear to have been questioned on the trial.

The second exception is to the refusal of the court to strike out the testimony of the alleged victim for that, because of her age, not quite six years, she was incompetent to testify.

The competency of a child to testify as a witness in a case is a matter resting in the sound discretion of the trial court. *S. v. Edwards,* 79 N. C., 648; *S. v. Merrick,* 172 N. C., 870, 90 S. E., 259; *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *S. v. Jackson,* 211 N. C., 203, 189 S. E., 502.

In the *Edwards case, supra, Reade, J.,* stated: "There being now no arbitrary rule as to age, and it being a question of capacity, and of moral and religious sensibility in any given case whether the witness is competent, it must of necessity be left mainly if not entirely to the discretion of the presiding judge. *S. v. Manuel,* 64 N. C., 601. It may be stated, however, that a child of tender years ought to be admitted with great caution; and where there is doubt it ought to be excluded. The formal answers to the usual question—who made you? what will become of you if you swear to a lie? and the like, are so easily taught, that much more ought to be required. The capacity of the child may be ascertained not only by examining it, but other persons who have had the care of it." This expression has been brought forward with approval in the *Satterfield* and *Jackson cases, supra.*

The fact that the court held another six-year-old girl to be incompetent to testify is urged as evidence of abuse of discretion in permitting the alleged victim to testify. Quite to the contrary, it manifests care and discernment.

Other assignments are likewise without merit.

It is noted that exceptions to refusal to nonsuit are not brought forward in defendant's brief. Nevertheless, the testimony of the child in support of the offense charged is positive and direct. Her testimony is

corroborated by the doctor who examined her, and by circumstances detailed by other witnesses. On the other hand, defendant, while admitting some of the circumstances shown by the State, denies commission of the offense. The trial resolved itself into a question of fact for the jury. And, as was said in *S. v. Jackson,* 211 N. C., 203, "It is a sordid story, and no useful purpose would be served by soiling the pages of our reports with a detailed recitation of the facts."

Attention is called to the fact that brief filed in behalf of defendant fails to comply with Rule 28 of the Rules of Practice in the Supreme Court, 213 N. C., 808. Where exceptions are not set out in appellant's brief, or where no reason or argument is stated or authority cited therein in support of exceptions, they will be taken as abandoned by him. A "pass brief" is disapproved. *Jones v. R. R.,* 164 N. C., 392, 80 S. E., 408.

In the judgment below, we find

No error.