### STATE v. ROBERT MERRITT.

(Filed 29 October, 1952.)

**Criminal Law § 41a—**

Whether a five-year-old child is competent to testify in a rape prosecution is a matter resting in the sound discretion of the trial judge, and where the evidence upon the *voir dire* as well as the child's testimony upon the trial negates abuse of discretion, the ruling of the trial court that the child was a competent witness will not be disturbed on appeal.

APPEAL by defendant from *Burney, J.,* and a jury, at May Term, 1952, of PITT.

Criminal prosecution tried upon a bill of indictment charging the defendant with rape, in violation of G.S. 14-21 as rewritten, Chapter 299, Section 4, Session Laws of 1949.

The jury returned a verdict of guilty with recommendation of life imprisonment. Thereupon judgment was entered directing that the defendant be confined in the State's Prison for the term of his natural life.

The defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Marvin V. Horton for the defendant, appellant.*

JOHNSON, J. The prosecuting witness is a child, who at the time of her alleged ravishment was 4 years, 10 months and 5 days of age. She lived with her mother and other relatives in a downstairs apartment at a rooming house. The defendant, aged 28, had living quarters in an upstairs room at the same house. The gist of the testimony of the prosecutrix is that the defendant picked her up from her seat on the porch and with his hand over her mouth carried her upstairs to his room and there effected the ravishment as charged. When she came back downstairs, her relatives and other roomers, seeing the physical signs and marks of her ravishment and acting upon information given by her, went upstairs and

found the defendant in his room lying across the bed. Officers were called. In the ensuing investigation, and also on later occasions, the prosecutrix identified the defendant as being the one who raped her. Her testimony was strongly corroborated by testimony of the officers and others respecting the condition of the bed and of defendant's wearing apparel, some of which was found in the stove.

The defendant, on the other hand, firmly and unequivacally denied any and all connection with the alleged crime and offered substantial evidence tending to refute the incriminating testimony and circumstances relied on by the State. The trial developed into a controverted issue of fact for the jury on sharply conflicting evidence. It would serve no useful purpose to relate the details of the sordid story which unfolded below.

The defendant insists that the trial court erred in permitting the prosecutrix to testify as a witness in the case. Her competency to testify was a matter resting in the sound discretion of the trial judge. *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51; *S. v. Jackson,* 211 N.C. 202, 189 S.E. 510, and cases there cited. See also Wigmore on Evidence, Third Edition, Vol. II, Sections 505, 506, 507, 508 and 509. The rule is succinctly stated by *Reade, J.,* in *S. v. Edwards,* 79 N.C. 648, bot. p. 650 : "There being now no arbitrary rule as to age, and it being a question of capacity, and of moral and religious sensibility in any given case whether the witness is competent, it must of necessity be left mainly if not entirely to the discretion of the presiding Judge. *S. v. Manuel,* 64 N.C. 601. It may be stated, however, that a child of tender years ought to be admitted with great caution; and where there is doubt it ought to be excluded."

Here it appears that the trial court at the conclusion of a lengthy examination of the witness, conducted in the absence of the jury, ruled that she possessed the requisite qualifications to testify. A transcript of the examination appears in the record, from which it appears, among other things, that the witness related where she lived, who her relatives were, her concept of the Diety and responsibility for telling the truth, the details of the ravishment, and identified the defendant as being the perpetrator. The *voir dire* examination of the witness sustains the ruling of the court below, as does the over-all tenor of her testimony later given before the jury. No abuse of discretion has been made to appear. See *S. v. Gibson, supra,* upholding the ruling of the lower court in permitting a girl a little less than six to testify in a rape case; and *S. v. Jensen,* 70 Ore. 156, 140 P. 740, where the trial court was sustained in permitting a child of four to testify in a prosecution charging assault with intent to commit rape.

We have examined the rest of the defendant's exceptive assignments of error and find them to be without substantial merit. A careful study

of the record leaves us with the impression that no prejudicial error has been made to appear.

No error.