JESSIE LEE McCURDY, Admrx. BRUCE EUGENE McCURDY, Deceased v. DEAN SMITH ASHLEY.

AND

JESSIE LEE McCURDY, Admrx. BRADLEY EUGENE McCURDY, Deceased v. DEAN SMITH ASHLEY.

AND

TONY McCURDY, by his Next Friend JESSIE LEE McCURDY v. DEAN SMITH ASHLEY.

(Filed 14 June 1963.)

**1. Witnesses § 1—**

The competency of a boy who at the time of trial was some six years and five or six months old, and at the time of the accident in suit was some four years and four months old, is addressed to the sound discretion of the trial court, and where the record shows that upon the *voir dire* the court inquired into the child's intelligence and understanding of the obligation of an oath and admitted his testimony upon evidence supporting the conclusion of competency, the discretionary action of the court in admitting his testimony will not be disturbed.

**2. Evidence § 55—**

Where the testimony of a six and one-half year old child has been properly admitted in evidence, testimony of the child's grandfather and aunt as to statements made by the child to them separately to the same effect as his testimony upon the trial, is competent for the purpose of corroboration.

**3. Automobiles § 41p—**

Competent evidence of a six and one-half year old witness that defendant was driving at the time of the accident in suit, which evidence is corroborated by statements made by the witness to others prior to the trial, *held* sufficient to be submitted to the jury on the issue of the identity of the defendant as the driver, and nonsuit is properly denied.

**4. Same; Evidence § 11—**

Testimony of a surviving occupant in a car to the effect that he was not driving but that one of the other occupants killed in the accident

was driving at the time of the accident comes within the provisions of G.S. 8-51 in actions against the surviving occupant for wrongful death.

**5. Evidence § 11—**

Adverse examinations of defendant in regard to transactions with a decedent, which examinations were taken in prior actions nonsuited and are not offered in whole or in part in either of the actions in suit, nor even referred to in the presence of the jury in the instant trials, do not operate as a waver of G.S. 8-51 so as to render competent defendant's testimony in the instant trials in regard to such transactions.

**6. Same—**

Where an action to recover for injuries to one passenger is consolidated with two actions for wrongful deaths of two other passengers against the same defendant, the admission of testimony of plaintiff passenger in regard to a transaction between defendant and one of the deceased passengers does not constitute a waiver of G.S. 8-51 in regard to the two actions for wrongful death.

APPEAL by defendant from *Gwyn, J.,* November-December 1962 Civil Session of IREDELL.

Three civil actions, two to recover damages for wrongful death, and one to recover damages for personal injuries, allegedly caused by the actionable negligence of defendant in the operation of his automobile, which by consent of the parties were consolidated for trial.

The court submitted to the jury separate issues in each case, and the jury answered the issues in each case in each plaintiff's favor, and awarded damages to each plaintiff. From judgments in each case in favor of each plaintiff, defendant appeals.

*Land, Sowers & Avery by Neil S. Sowers, and W. R. Battley for defendant appellant.*
*Hendren & West by L. Hugh West, Jr., for plaintiff appellees.*

PARKER, J. After midday on 9 October 1960 Bruce Eugene Mc-Curdy and his two sons, Bradley Eugene McCurdy nearly six years old and Tony McCurdy about four years and five or six months old (he testified he was six in June 1962), met defendant at a radio station near the town of Mooresville, and all three got in defendant's 1953 Oldsmobile to go to the Lincolnton drag strip. A short time thereafter Adrian Settlemeyer was driving an automobile 40 miles an hour west on Highway 150 near the town of Terrell, in Catawba County. When a black automobile was passing him on his left, defendant's Oldsmobile passed the black automobile on its left, went sliding across the highway in front of Settlemeyer's automobile, slid crosswise into

the abutment of a bridge on the highway across a creek, made a half turn, jumped over the creek, hit the ground square on its top, made another half turn, and landed on its wheels. When the 1953 Oldsmobile was in the air after it landed on its top, Bruce Eugene McCurdy was thrown out of it, his body going higher than the Oldsmobile, then hitting the Oldsmobile and landing in a side ditch. When the 1953 Oldsmobile came to rest, Bradley Eugene McCurdy was lying near it, Tony McCurdy was lying under it with his feet protruding, and defendant was lying near the creek. When the Oldsmobile was in the air, it hit a pine tree 12 feet up from the ground.

As a result of his injuries Bradley Eugene McCurdy died at the scene, and his father, as a result of his injuries, died 14 October 1960 without regaining consciousness. In the wreck Tony McCurdy was injured and defendant sustained a broken leg, fractures of all ribs on his left side, and a cut on the back of his head.

There is plenary evidence of actionable negligence on the part of the operator of the 1953 Oldsmobile. The crucial question is who was driving it at the time of the wreck.

Tony McCurdy, who was six years old in June 1962, testified that the defendant Dean Ashley was driving his Oldsmobile when the wreck occurred. Defendant assigns as error the court's holding Tony McCurdy was a competent witness, permitting him to testify as above stated, and not striking out his testimony. These assignments of error are overruled. This little boy's competency to testify as a witness in these consolidated cases was a matter resting in the sound discretion of the trial judge. *S. v. Merritt*, 236 N.C. 363, 72 S.E. 2d 754; *S. v. Gibson*, 221 N.C. 252, 20 S.E. 2d 51; *S. v. Satterfield*, 207 N.C. 118, 176 S.E. 466; *S. v. Edwards*, 79 N.C. 648.

Speaking to the identical question in *Artesani v. Gritton*, 252 N.C. 463, 113 S.E. 2d 895, *Rodman, J.*, delivering the opinion of the Court said:

"The test of competency is not age but capacity to understand and relate under the obligation of an oath a fact or facts which will assist the jury in determining the truth with respect to the ultimate facts which it will be called upon to decide. [Citing numerous authority.]"

In *Wheeler v. United States*, 159 U.S. 523, 40 L. Ed. 244, the defendant was adjudged guilty of the crime of murder and sentenced to be hanged. In this case in holding that a boy nearly five and a half years old, a son of the deceased, is competent as a witness the Court said:

"That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities."

"Competency is to be determined at the time the witness is called to testify." *Artesani v. Gritton, supra.*

Tony McCurdy, in reply to questions put to him on his *voir dire,* said, among other things, that his mother taught him to say his prayers, and he repeated part of his prayers, that bad boys go down in the ground to the "boogerman," that when boys tell lies Jesus does not like them, that he is a good boy and tells the truth, that he goes to school and to church on Sundays. The record shows that in response to the question, "Do you know the difference between telling the truth and telling stories?" he replied, "Uh, huh." After this examination on the *voir dire,* the court held he was a competent witness.

We see no abuse of discretion on the part of the trial court in holding Tony McCurdy a competent witness and permitting him to testify. The conclusion we have reached is sustained by the following cases, which hold that children of the ages indicated were competent to testify: *S. v. Merritt, supra,* the prosecutrix was a child, who at the time of her ravishment on 6 April 1952 was four years ten months and five days of age, and the time of the trial was the May Term 1952 of Pitt (the date of the time of ravishment is taken from the indictment in the record in the office of the clerk of this Court); *S. v. Gibson, supra,* the prosecutrix was not quite six years of age; *S. v. Satterfield, supra,* a witness was a child seven years old; *S. v. Edwards, supra,* a witness was a child six and one-half years of age at the time of the trial; *Whitaker v. Commonwealth,* 297 Ky. 279, 179 S.W. 2d 448, a witness was a boy five and one-half years of age; *Jackson v.*

*State,* 239 Ala. 38, 193 So. 417, a witness was a four-year-old boy;
*Hill v. Skinner* (Ohio), 79 N.E. 2d 787, a witness was a four-year-old
child; *State v. Juneau* (Wis.), 59 N.W. 580, the prosecutrix was a little
girl who at the time the offense was committed was about four years
and nine months old and about five years and five months at the time
of the trial; *State v. Ridley* (Wash.) 378 P. 2d 700, a witness was a
girl who at the time of the trial was five years and four months of age;
*Lewis v. State* (Tex. Crim. App.), 346 S.W. 2d 608, a witness was a
five-year-old girl. See note—competency of a child as a witness—to
*Wheeler v. United States, supra,* in 40 L. Ed. pp. 244-246. It is inter-
esting to note that in *S. v. Merritt, supra,* the record on file in the
clerk's office shows that the little girl, who was prosecutrix, when
asked, "What will happen to you if you tell a story?" replied, "The
boogie man will get me."

Defendant assigns as error that the court permitted the grand-
father and aunt of Tony McCurdy to testify in effect, for the purpose
of corroborating Tony McCurdy, that he told them separately that
Dean Ashley was driving the automobile at the time of the wreck.
As Tony McCurdy was competent to testify as a witness, this testi-
mony of his grandfather and aunt in corroboration is competent.
*Artesani v. Gritton, supra.*

Jessie McCurdy, mother of Tony, testified without objection: "* * *
he [Tony] wanted to know why his daddy and his little brother had
to die, and he said 'Mama,' he said, 'Dean was driving the car,'* * *."

Troy Howard was a witness for plaintiffs and testified in substance,
except when quoted: He lives near the scene of the wreck. It happened
about 2:30 p.m. He went to the scene after the wreck. He saw a man
lying near the creek groaning, and stayed with him until the ambulance
came. After about 20 minutes of groaning, the man smoked two
cigarettes he gave him, and began to relax and was not in such a
shock. Howard testified:

> "I said to him, 'If you will show me who you are, I will try
> to get in touch with your family, let your family know.' He said,
> 'I am Ashley from Statesville.' I asked him what in the world
> happened. He said, 'I don't know.' I said 'Who is the man out
> there in the ditch?' He said 'I don't know,' said, 'There wasn't
> anybody with me, I was driving by myself'; then I said, 'There is
> two little boys up there on the bank, too.' He said, 'Are they hurt?'
> I said, 'Yes'; he says, 'They wasn't with me, either.' Then I said
> 'Tell me your wife's name and address,' and he told me a certain
> street in Statesville, and I wrote it down, borrowed a piece of
> paper and a pencil from some of the men standing around, and an

ambulance came about that time, he took the paper with him when he took the body and said he would notify his family."

Howard was then asked on direct examination, "This was the defendant Dean Smith Ashley?" He replied, "I guess it was, he don't look the same now, but I guess that was him." Howard was asked on cross-examination, "Then at the time he was talking to you, you don't think the man knew what he was talking about?" He replied, "You heard what he said."

There was sufficient competent evidence that the defendant was driving his 1953 Oldsmobile at the time of the fatal wreck, and of his actionable negligence in driving his automobile at the time to carry the case to the jury. The court properly overruled the defendant's motion for judgment of nonsuit made at the close of all the evidence.

Dean Smith Ashley was a witness in his own behalf and testified in substance as follows: He first saw Bruce McCurdy on 9 October 1960 on the dirt road off Highway 150 driving a Ford. He then went to the radio station at Mooresville. Bruce parked his automobile, and he and his two little boys got in defendant's automobile to go to Lincolnton. Bruce got in on the driver's side and the two little boys got in the back. He remembers telling Bruce he had to pull it hard to get it in low gear; Bruce started to pull out on the highway, and that is the last he remembers. Bruce drove his automobile away from the radio station. It is about eight miles from the radio station to the scene of the wreck. The next thing he remembers is that later that evening or night his wife and brother came to the hospital in Newton. He did not drive his autmobile away from the radio station.

Upon objections made by plaintiffs the court excluded this testimony of defendant in the case of Jessie Lee McCurdy, administratrix of Bruce Eugene McCurdy, deceased, against defendant, and in the case of Jessie Lee McCurdy, administratrix of Bradley Eugene McCurdy, deceased, against defendant, but admitted it for the consideration of the jury in the case of Tony McCurdy, by his next friend, Jessie Lee McCurdy, against defendant. The court instructed the jury as follows:

"In those cases, gentlemen, where an objection has been sustained, you will not consider the evidence at all, you will not consider or permit your verdict to be affected in the least by the evidence in those cases to which it has been objected and where the objection has been sustained. You will not consider it in the two death cases, the law being that where death has closed the

mouth of one, the law will not permit the other to speak as to personal transactions, and our Supreme Court has held that where a person comes to his death in an accident, that such an accident involves a personal transaction as it relates to the driver of a vehicle."

Defendant assigns as error the exclusion of this testimony of the defendant in the two death cases.

The trial court properly excluded this testimony of defendant in the two death cases by authority of *Boyd v. Williams,* 207 N.C. 30, 175 S.E. 832; *Davis v. Pearson,* 220 N.C. 163, 16 S.E. 2d 655; *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115; *Tharpe v. Newman,* 257 N.C. 71, 125 S.E. 2d 315, construing the provisions of G.S. 8-51, unless the provisions of this statute do not apply to exclude this testimony in the two death cases.

This appears in the record:

"IT IS STIPULATED that there was an adverse examination of Mr. Ashley on December 21, 1960, in which he was asked questions by the plaintiff as to whether or not he was driving the car, but that the records have been lost; and that this was in prior actions which were nonsuited."

Defendant contends that the adverse examination of defendant by one of the unnamed plaintiffs in prior actions which were nonsuited operates as a waiver of the incompetency of defendant by reason of G.S. 8-51 to testify in the two death cases and makes his excluded testimony in the two death cases competent, which two death cases and the personal injury action of Tony McCurdy by consent of the parties, or at least without any objection on the part of any of the parties, were consolidated for trial. Defendant in support of his contention relies upon the following statement in Annotation to 33 A.L.R. 2d 1441:

"The rule appears to be well established that the examination of one witness incompetent under the dead man statute operates as a waiver of incompetency of adverse witnesses, at least where the testimony of such adverse witnesses is offered after the examination of the first witness, and as to matters testified to by such first witness."

In the instant trials the testimony of defendant taken at an adverse examination in prior actions, which were nonsuited, was not offered in whole or in part by plaintiffs, or any one of them, or even referred

to in the presence of the jury in the instant trials, so far as the record discloses. In fact, the stipulation states "the records have been lost." In our opinion this rule as stated in the annotation to A.L.R. has no application here, and the mere taking of this adverse examination, and no more, does not operate as a waiver of G.S. 8-51 to make the excluded testimony of defendant here competent in the two death cases. This is not a case where a pre-trial examination of a witness under G.S. 1-568.1 *et seq.* in regard to a transaction or communication with a deceased operates as a waiver of the provisions of G.S. 8-51 to the extent either party may use it upon the trial of the case in which it was taken or in a subsequent trial of the same case. *Andrews v. Smith,* 198 N.C. 34, 150 S.E. 670; *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540.

Defendant's contention, that because Tony McCurdy, who was a plaintiff in one of these three cases, consolidated for trial by consent of the parties, or at least consolidated for trial without objection, testified in his own behalf that defendant was driving the automobile at the time of the wreck made competent the excluded testimony of defendant in the two death cases, is not tenable. *Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801, relied on by defendant, is easily distinguishable.

Defendant has no exceptions to the court's charge. His remaining assignments of error are formal. All defendant's assignments of error are overruled. In the trial below we find

No error.