STATE OF NORTH CAROLINA v. WOODROW BOWDEN

(Filed 12 January, 1968.)

**1. Indictment and Warrant § 9—**

An indictment is sufficient if it alleges all essential elements of the offense with sufficient particularity to apprise the defendant of the specific accusations against him so as to enable him to prepare his defense and to protect him from a subsequent prosecution.

**2. Witnesses § 1—**

The competency of a girl who at the time of the trial was seven years old, and at the time of the rape was six years old, is addressed to the sound discretion of the trial court, and where the record discloses that upon the *voir dire* the court inquired into the child's intelligence and understanding and admitted her testimony upon evidence supporting the conclusion of competency, the discretionary action of the court will not be disturbed on appeal.

APPEAL by defendant from *Harry C. Martin, S.J.,* May 22, 1967 Session, GUILFORD Superior Court.

In this criminal prosecution, the defendant, Woodrow Bowden, was charged in this bill of indictment:

STATE OF NORTH CAROLINA                    SUPERIOR COURT
GUILFORD COUNTY                            February 27 Criminal
                                           Term, AD 1967

The Jurors for the State Upon Their Oath Present, That Woodrow Bowden, late of the County of Guilford, on the 21st day of January AD, 1967, with force and arms, at and in the County aforesaid, unlawfully, wilfully, and feloniously did assault one Diane Marie Williams, a female, age 6 years, a female, and her the said Diane Marie Williams, a female, age 6 years, unlawfully, feloniously, by force and against her will did ravish and carnally know, against the form of the statute in such case made and provided and against the peace and dignity of the State.

/s/ Charles T. Kivett
Solicitor

After the defendant was arrested and upon a showing of indigency, Judge Clark, on April 11, 1967, appointed Perry N. Walker as defense counsel. Upon his demand, the Solicitor furnished information in lieu of a bill of particulars. The Court ordered a special venire. The defendant filed two motions: (1) challenging the validity of the indictment, and (2) challenging the array of the trial jurors summonsed under the writ of venire *facias.* The Court denied

these motions and upon arraignment the defendant entered a plea of not guilty.

When Diane Marie Williams was called as a State's witness, defense counsel challenged her testimony upon the ground of lack of age and understanding sufficient to make her a competent witness. The Court, in the absence of the jury, conducted a detailed *voir dire* examination into the question of Diane's competency to testify and concluded that she qualified as a competent witness. Her testimony was hesitant on certain matters, nevertheless, with respect to the defendant's having assaulted her, and the manner in which he committed the assault, her story was clear and amply sufficient to make out a case for the jury on the charge of rape.

Within a very short time after the alleged assault, the victim was taken to the hospital where Dr. Barker examined her. Here quoted is the material part of Dr. Barker's testimony:

> ". . . I first saw her on the evening of January 21st of this year. I saw her first at the emergency room of the L. Richardson Hospital when I was called to the emergency room to see a child that was bleeding. I examined her at that time and found that she was bleeding rather profusely from the vaginal area, and I couldn't do much with her because she was extremely tender, as you can well imagine. It was necessary to have her put to sleep in order to do a thorough examination.
>
> Once she was asleep and I could see what was going on, she had a laceration that extended from the entrance to the vagina up to the top part of the vagina and she was bleeding quite profusely. I repaired the laceration and she did well afterwards with no complications."

The defendant, age 26, stepfather of Diane Marie Williams, testified in his own behalf. He denied harming or having caused any of the child's injuries. He admitted that he saw some blood but did not know how Diane Marie sustained the injuries. He left home soon after the victim claimed the assault had occurred. He was arrested at the home of his mother. The defendant's wife, mother of Diane Marie Williams, testified for the defendant and stated that he had been kind and considerate of Diane at all times. She was not at home at the time the assault is alleged to have occurred.

After the defendant was arrested, the officers went to the home, made an examination, and found some clothing and cloths in the bathroom which contained stains which were analyzed and found to be human blood. Whose blood was not disclosed by the evidence.

At the close of the State's evidence and at the close of all the evidence, the defendant's motions to dismiss were overruled. The

jury returned this verdict: "We find the defendant guilty as charged in the indictment with recommendation for life imprisonment." From the Court's judgment in accordance with the verdict, the defendant appealed.

T. W. Bruton, Attorney General; Millard R. Rich, Jr., Assistant Attorney General, for the State.
Perry N. Walker for defendant appellant.

HIGGINS, J.   The challenge to the bill of indictment is not sustained. An indictment is sufficient if it charges all essential elements of the offense with sufficient particularity to apprise the defendant of the specific accusations against him and (1) will enable him to prepare his defense and (2) will protect him against another prosecution for that same offense. The indictment in this case sufficiently charges all essential elements of rape. G.S. 15-153; State v. Courtney, 248 N.C. 447, 103 S.E. 2d 861; State v. Gibbs, 234 N.C. 259, 66 S.E. 2d 883; State v. Morgan, 226 N.C. 414, 38 S.E. 2d 166; State v. Ballangee, 191 N.C. 700, 132 S.E. 795.

The exception to the trial jury panel is not seriously relied on by the defendant. The method of selecting the jury followed accepted procedure. The objection based on the introduction of articles of clothing showing blood stains are not deemed of sufficient importance to require discussion. The testimony of the doctor that the child was bleeding when he examined her, together with her testimony as to what caused her injury would seem to render the discovery of blood stains in the home of little significance. The defendant admitted he saw blood stains in the house before he left to go to his mother's home.

The main thrust of defendant's objection to the trial involves the Court finding the victim of the assault was of such mentality and understanding to testify as a witness for the State. Judge Martin conducted a very extensive examination in the absence of the jury. The victim, Diane Marie Williams, age 7 at the time of trial, was examined by the Solicitor and cross-examined by defense counsel. The child's teacher, and the lady police officer who investigated the case, testified as to the child's mental development and her ability properly to answer questions and to explain what happened to her. These witnesses were certain of her mental competency. The trial judge observed the child's demeanor during the voir dire examination and cross-examination. The finding by Judge Martin that she was qualified to testify was supported by competent evidence. The question of the victim's competency to testify rested in the sound discretion of the trial court. McCurdy v. Ashley, 259 N.C. 619, 131 S.E.

2d 321; *State v. Merritt*, 236 N.C. 363, 72 S.E. 2d 754; *State v. Jackson*, 211 N.C. 202, 189 S.E. 510; *State v. Satterfield*, 207 N.C. 118, 176 S.E. 466.

The evidence was sufficient to support the verdict and judgment. No error.