STATE OF NORTH CAROLINA v. JOHN LEROY COX

No. 77

(Filed 15 March 1972)

1. Indictment and Warrant § 5— capital case — absence of endorsement on indictment

When a bill of indictment in a capital case has been returned in open court by a majority of the grand jury as a true bill, and the action of the grand jury is duly recorded in the court's records, the lack of endorsement on the bill will not support a motion to quash. G.S. 15-141.

---

State v. Cox

---

**2. Indictment and Warrant § 5— return of indictment — intent of endorsement**

There is no merit to defendant's contention that the grand jury intended to return not a true bill when it inserted the letter "X" in an endorsement on the indictment stating "this bill found X̲ A True Bill," where the record discloses that the grand jury in a body, seventeen members present and all assenting to the finding, returned as a true bill the indictment charging defendant with the offense of rape.

**3. Witnesses § 1— rape trial — competency of six-year-old witness**

The trial court did not abuse its discretion in ruling, after an extensive voir dire hearing, that a six-year-old rape victim was competent to testify in the trial of her alleged assailant.

**4. Rape § 4— bloodstained clothing worn by rape victim — admissibility**

The trial court did not err in the admission of bloodstained clothing worn by a six-year-old rape victim when she was taken to the hospital, since the clothing was relevant to the State's theory that the victim had been lacerated and torn during the process of being raped by defendant.

**5. Rape § 8— victim under age of twelve**

Consent is not a defense where one is accused of abusing or carnally knowing a female child under the age of twelve years. G.S. 14-21.

**6. Rape, § 10— six-year-old victim — evidence that sex matters discussed in her presence**

In a prosecution for the rape of a six-year-old child, evidence that the victim's father had discussed sexual matters in her presence was not competent as bearing upon consent, since consent is no defense, or to impugn the credibility of the victim's testimony, or for any other purpose.

APPEAL by defendant from *Martin (Harry C.) J.*, 26 April 1971 Criminal Session of BUNCOMBE Superior Court. This case was docketed and argued as No. 136 at the Fall Term 1971.

Defendant was charged with feloniously ravishing and carnally knowing a female child under twelve years of age.

The State's evidence tended to show that defendant had been a guest for approximately three weeks prior to 17 December 1970 in the house trailer occupied by Sam Hoey and his 6-year-old daughter, Belinda Bess Hoey. On 17 December 1970, Sam Hoey left his daughter at the trailer with defendant on two occasions.

Around 7:00 o'clock p.m. on that date Mr. and Mrs. Albert McFarland, Bess' maternal grandparents, picked her up and were taking her to spend the weekend at their home. Shortly after they left the Hoey residence, Bess told her grandparents that defendant had raped her several times on that day. After examining the child, they took her to Dr. A. J. Dickerson.

Dr. Dickerson testified that his physical examination of Bess revealed severe lacerations in her vaginal canal, and that extensive surgery was necessary to repair this damage. He further testified that in his opinion it was "entirely possible and probable according to the examination and history" that the damage suffered by Bess could have been the result of penetration by a male organ.

The trial judge concluded that Bess was competent to testify concerning the alleged rape. She thereupon testified regarding the alleged acts of rape committed by defendant. She stated that defendant told her not to mention his acts to her father because her father might have to go to jail.

Defendant's assignments of error do not require that we discuss in detail the testimony relating to the alleged rape.

Defendant testified in his own behalf and denied that he had raped the prosecuting witness.

The jury returned a verdict of guilty as charged and recommended punishment by imprisonment for life.

*Attorney General Morgan and Special Counsel Ralph Moody for the State.*

*Geo. Ward Hendon, Hendon & Carson, for defendant.*

BRANCH, Justice.

Defendant assigns as error the trial court's denial of his motion to quash the bill of indictment.

The bill of indictment shows the following endorsement: "Those marked X sworn by the undersigned foreman and examined before the Grand Jury, and this bill found X a True Bill."

Defendant argues that the insertion of the letter "X" in the blank space after the word "found" and before the

letter "A" indicates that the grand jury meant not to return a true bill. Defendant's sole authority is one of the many definitions of the letter "x" found in Webster's New International Dictionary, 2d Ed., Unabridged, 1961 (1951), to wit: "A wrong statement, answer, result or the like; a mistake; an error." We note in passing that the 3rd Edition of the same dictionary, 1961, also defines "x" as "used to indicate choice or approval (as on a ballot)."

[1] When a bill of indictment in a capital case has been returned in open court by a majority of the grand jury as a true bill, and the action of the grand jury is duly recorded in the court's records, the lack of endorsement on the bill will not support a motion to quash. G.S. 15-141; *State v. Sultan,* 142 N.C. 569, 54 S.E. 841; *State v. Avant,* 202 N.C. 680, 163 S.E. 806.

[2] This record discloses that the grand jury in a body, seventeen members present and all assenting to the finding, returned, as a true bill the bill of indictment charging the defendant, John LeRoy Cox, with the offense of rape of a child under twelve years of age.

There is no merit to this assignment of error.

[3] Defendant next contends that the trial court erred in ruling that Belinda Bess Hoey was competent to testify as a witness in the case.

When defendant's counsel challenged the competency of Belinda Bess Hoey to testify, the trial judge, in the absence of the jury, conducted an extensive voir dire hearing which included her testimony, testimony of her teachers, and testimony of members of her family. One of the teachers, Mrs. Gail Sutherland, described Bess as possessing average maturity for a child of her age, and stated that she had adjusted well in school. Mrs. Sutherland further testified that Bess' school work was satisfactory and that in her opinion Bess knew right from wrong.

Bess, among other things, testified:

"I go to church. As to where I go to church, (no response). I go to church with Mama Ruth and Papa Clyde. I go to Sunday School. I go to church with them. I know what happens to little boys or little girls who don't tell

the truth. They get a whipping and go down, down, down.
They go down where the devil is. I know who Jesus was.
He was the Savior."

Judge Martin also questioned Bess at length as to the mean-
ing of taking an oath, as to her ability to write, and as to her
knowledge of colors. At the conclusion of the voir dire testimony,
Judge Martin concluded:

> "Well, on the evidence offered in the absence of the
> Jury concerning the competency of the witness Bess Hoey,
> this Court concludes as a matter of law that the witness
> does have the capacity to understand and relate under the
> obligations of an oath the facts which will assist the Jury
> in determining the truth of this case and that the witness
> has sufficient intelligence to give testimony or evidence in
> this case, and based upon those conclusions, the Court, in
> the exercise of its discretion, denies the defendant's objec-
> tion to the witness, Bess Hoey, being allowed to testify and
> holds that she is competent as a witness in this case."

In the case of *State v. Cooke*, 278 N.C. 288, 179 S.E. 2d
365, this Court considered the competency of a 7-year old girl
to testify in a rape case and, in holding her to be a competent
witness, stated:

> "In *McCurdy v. Ashley*, 259 N.C. 619, 131 S.E. 2d
> 321, Justice Parker (later Chief Justice) quotes with ap-
> proval from *Wheeler v. United States*, 159 U.S. 523, 40
> L. Ed. 244, 16 S.Ct. 93 (in which a boy nearly five and
> one-half years old was held to be a competent witness in
> a murder case), as follows:

> " 'That the boy was not by reason of his youth, as a
> matter of law, absolutely disqualified as a witness, is clear.
> While no one would think of calling as a witness an infant
> only two or three years old, there is no precise age which
> determines the question of competency. This depends on
> the capacity and intelligence of the child, his appreciation
> of the difference between truth and falsehood, as well as
> of his duty to tell the former. The decision of this question
> rests primarily with the trial judge, who sees the proposed
> witness, notices his manner, his apparent possession or lack
> of intelligence, and may resort to any examination which
> will tend to disclose his capacity and intelligence as well

as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities.' "

This Court again sustained the trial judge's finding that a 6-year old girl was a competent witness in a rape case in *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493. There the Court said:

" . . . The trial judge observed the child's demeanor during the voir dire examination and cross-examination. The finding by Judge Martin that she was qualified to testify was supported by competent evidence. The question of the victim's competency to testify rested in the sound discretion of the trial court. *McCurdy v. Ashley,* 259 N.C. 619, 131 S.E. 2d 321; *State v. Merritt,* 236 N.C. 363, 72 S.E. 2d 754; *State v. Jackson,* 211 N.C. 202, 189 S.E. 510; *State v. Satterfield,* 207 N.C. 118, 176 S.E. 466."

Here there was ample competent evidence to support Judge Martin's finding that Belinda Bess Hoey was a competent witness in this case. The record shows no abuse of discretion by the Judge.

This assignment of error is overruled.

[4] Defendant assigns as error the court's denial of his motion to suppress articles of bloody clothing worn by the prosecuting witness when she was taken to the hospital.

It is not contended that the clothing was not properly authenticated and identified.

This question was considered by this Court in the case of *State v. Atkinson,* 278 N.C. 168, 179 S.E. 2d 410, and there the Court stated:

"Garments worn by the victim of a rape and murder showing the location of a wound upon the person of the deceased, or which otherwise corroborate the State's theory of the case, are competent. *State v. Speller,* 230 N.C. 345, 53 S.E. 2d 294 (1949); *State v. Fleming,* 202 N.C. 512,

163 S.E. 453 (1932). When relevant, articles of clothing identified as worn by the victim at the time the crime was committed are always competent evidence, and their admission has been approved in many decisions of this Court. *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969); *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968). See Stansbury, N. C. Evidence, (2d Ed., 1963), § 118."

See also *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241.

Obviously the bloodstained clothes are relevant to the State's theory that the prosecuting witness had been lacerated and torn during the process of being raped by defendant.

This assignment of error is overruled.

Finally, defendant contends that the court erred in sustaining the State's objections to testimony concerning statements made by the father of the prosecuting witness in her presence which related to sex, and that the trial judge erred in refusing to allow defendant's counsel to cross-examine the father concerning such statements. Defendant in his brief states that he intended to show by this evidence that the prosecuting witness could have obtained knowledge of sexual matters from these alleged statements.

[5] In this jurisdiction it is settled beyond question that consent is not a defense where one is accused of abusing or carnally knowing a female child under the age of twelve years. G.S. 14-21; *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206; *State v. Crawford,* 260 N.C. 548, 133 S.E. 2d 232; *State v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781.

[6] Admittedly, in the case of a prosecuting witness over the age of twelve years the general character of the prosecuting witness for unchastity may be shown for the purpose of attacking the credibility of her testimony, and has bearing upon the likelihood of her consent. *State v. Grundler* and *State v. Jelly,* 251 N.C. 177, 111 S.E. 2d 1. In this case, such evidence would not be competent as bearing upon consent, and we do not think that the credibility of the testimony of this six-year old child would be impugned even if sexual matters had been discussed in her presence.

We are unable to find any legal basis for holding this evidence to be competent. Further, even if it had been relevent and

competent, we do not think that a different result would have been reached if the evidence had been admitted. *State v. Temple, supra; State v. King,* 225 N.C. 236, 34 S.E. 2d 3.

A careful examination of this record reveals no prejudicial error.

No error.