WOODLEY TILGHMAN v. H. S. HANCOCK AND GEORGE PATE.

(Filed 27 March, 1929.)

1. **Adverse Possession—Actions—Deeds as Evidence.**

> Where the defendant relies upon his open, continuous, and adverse possession of timber lands for twenty years or more to establish his title, and not upon color of title, it is not error for the trial court to admit in evidence his deed to the land from the one under whom he claims as a circumstance in connection with the other and sufficient evidence, and when the evidence is conflicting the issue is for the jury to determine.

2. **Adverse Possession—Nature and Requisites—Possession—Deeds—Presumptions.**

> There is no presumption of law that a claimant to land enters into possession under his deed thereto, and a deed alone is insufficient evidence of possession under claim of twenty years adverse possession.

CIVIL ACTION, before *Grady, J.,* at November Term, 1928, of LENOIR.

The plaintiff alleged that he was the owner of the land in controversy, and that the defendant, Hancock, was committing a trespass thereon by cutting timber. Plaintiff sought to establish title by proof of adverse possession for the statutory period. The evidence tended to show that the grandfather and the father of the plaintiff had been in possession of the property for more than twenty years prior to the commencement of the action. The land in dispute was woodland, and the plaintiff further offered evidence tending to show that his father had cut and sold cross-ties, posts, piling and wood, and had also taken for his own use various quantities of lightwood for a period of years. A brother of plaintiff testified that "we went in there three or four dozen times each winter." There was further evidence that the grandfather of plaintiff had sold timber from the land in 1890 or 1891.

The issue was as follows: "Have the plaintiff and those under whom he claims title, been in open, notorious, hostile and continuous possession of the land in controversy, under known and visible boundaries, twenty years prior to the commencement of this action?" The jury answered the issue "Yes," and judgment was rendered for the plaintiff, from which judgment defendant appealed.

*Rouse & Rouse for plaintiff.*
*Cowper, Whitaker & Allen and Thomas J. White, Jr., for defendants.*

BROGDEN, J. The plaintiff offered in evidence a deed from his father and mother to himself, dated 21 April, 1920, and duly recorded 15 May, 1920, purporting to cover the land in controversy. This action was

brought about 21 April, 1925. A map referred to in the deed was also offered in evidence. The court instructed the jury that the deed was "not in itself evidence of title, but is allowed to be considered in connection with other evidence." The defendant objected to the introduction of this evidence.

It is apparent that neither the map nor the deed was offered as substantive evidence. The plaintiff did not claim that the deed was color of title as contemplated by the law, but asserted that the deed was a circumstance tending to show the good faith of his claim. There is no presumption of law that a purchaser takes possession under a deed. *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800. Therefore, the deed of itself was not sufficient evidence of possession. As the deed was made before the controversy arose, the execution and recording thereof would be a relevant fact in connection with other sufficient evidence tending to show a claim of title and adverse possession. Though not sufficient of itself for that purpose, under the circumstances the deed would be analogous in probative weight to the listing of land and the payment of taxes thereon. *Austin v. King,* 97 N. C., 339, 2 S. E., 678; *R. R. v. Land Co.,* 137 N. C., 330; 49 S. E., 350; *Christman v. Hilliard,* 167 N. C., 4, 82 S. E., 949.

The general rule with respect to the character of possession in such cases is thus stated in *Cross v. R. R.,* 172 N. C., 119, 90 S. E., 14: "This possession need not be unceasing, but the evidence should be such as to warrant the inference that the actual use and occupation have extended over the required period, and that during it the claimant has from time to time continuously subjected some portion of the disputed land to the only use of which it was susceptible." The plaintiff offered sufficient evidence to bring the case within the rule. The defendants offered evidence to the contrary, but the weight of the evidence was for the jury.

Exception was taken by the defendants to certain testimony of a surveyor, but the record discloses that testimony of the same nature as that objected to was given by the witness without objection in other portions of the testimony. Hence this exception cannot be sustained.

There are other exceptions in the record, but we do not think any of them warrant a new trial.

Upon the whole, the case presents disputed facts, and the jury has found those facts in favor of the plaintiff.