## JUNIUS McKAY v. G. F. BULLARD.

(Filed 21 May, 1941.)

**1. Appeal and Error § 1—**

The jurisdiction of the Supreme Court on appeal is confined to questions of law or legal inference. Constitution of North Carolina, Art. IV, sec. 8.

**2. Trial § 22b—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

**3. Ejectment § 14—**

The exhibition of a map as substantive evidence cannot be held for error when it appears that several witnesses identified the map as an official map of the city in which the *locus in quo* is situate.

**4. Appeal and Error § 39—**

An exception to the admission of certain testimony of a witness cannot be sustained when it appears that other witnesses were permitted to testify to the same effect without objection.

**5. Evidence § 21—**

Whether counsel shall be permitted to ask a leading question is within the discretion of the trial judge, and the exercise of such discretion will not be reviewed on appeal.

**6. Ejectment § 14—**

Parol evidence is competent to identify the land claimed and to fit it to the description contained in the instrument. N. C. Code, 1783.

**7. Ejectment § 13—**

In this action in ejectment the charge of the court *is held* to have correctly placed the burden on plaintiff to prove his title and also to prove wrongful possession by defendant, defendant having denied title and wrongful possession.

**8. Ejectment § 14—**

A charge that listing the *locus in quo* for taxation is not evidence of ownership but is merely a circumstance which might be considered by the jury along with other evidence, is without error.

**9. Appeal and Error § 6g—**

Appellant's exception to the charge on an issue which was answered by the jury in appellant's favor will not be considered, since appellant could not be prejudiced thereby.

**10. Trial § 40—**

Appellant cannot complain of the form of an issue submitted when he did not except to the issue or tender other issues.

**11. Trial § 32—**

A party desiring more particular instructions on a subordinate feature of the case must aptly tender request therefor. Michie's Code, 565.

Appeal by defendant from *Hamilton, Special Judge,* at November Special Term, 1940, of Bladen. No error.

This is an action in ejectment, brought by plaintiff against defendant for a certain piece of land in Elizabethtown, Bladen County, N. C. The plaintiff alleges in his complaint: "That the plaintiff and Mary Williams, Hattie Reaves, Monelle Byrd, Daisy Villet, George Davis, and two children of Maggie McKay, deceased, whose names are not known to the plaintiff, are the owners in fee simple and entitled to the immediate possession of that certain lot, tract or parcel of land in the Town of Elizabethtown, Bladen County, North Carolina, described and defined as follows, towit": (describing same).

The succinct facts are as follows: The plaintiff claims the ownership of a lot in the town of Elizabethtown on the northeast corner of the intersection of Queen and Poplar Streets. Deed was made to plaintiff's father, Richard L. McKay, by James M. White, of date 21 May, 1873, and recorded in Book 4, page 225, Bladen County registry. Plaintiff and co-tenants inherited the lands from Richard L. McKay and conveyed by deed to J. L. Wright 12 August, 1926. J. L. Wright reconveyed to Junius McKay 10 May, 1933. This action was brought 7 June, 1933. This lot is referred to in the evidence as the upper part of the Richard L. McKay land. Richard L. McKay also owned an adjoining lot for which he had no deed. This is known as the lower half acre of the Richard L. McKay land and was conveyed by Junius McKay to J. M. Clark; thence by James H. Clark, Commissioner, to G. F. Bullard. The

contention of the defendant is that the conveyance to him of the lower lot covers the lot of the plaintiff described in the complaint. The defendant, appellant, undertakes to identify the lower one-half acre of land as that conveyed to him by James H. Clark, Commissioner, to cover the upper one-half acre lot described.

Defendant denied the allegations of the complaint and set up seven years adverse possession, under N. C. Code, 1939 (Michie), sec. 428, and alleged: "That this defendant and those under whom he claims have been in the open, notorious, adverse, and continuous possession of the lands set out and described in the complaint under color of title and under known and visible lines and boundaries for a period of more than seven years next before the institution of this action, and any action or cause of action which the plaintiff has, or might have had, which is denied, the same arose and accrued more than seven years next before the institution of this action and is, therefore, barred by the seven year statute of limitations, in such cases made and provided, which said seven year statute of limitations the defendant especially pleads in bar to any recovery of the plaintiff, or anyone else in the action." The other statutes as a bar are not germane on the facts developed in the case on the trial.

The judgment of the court below was as follows:

"This cause being heard before His Honor, Luther Hamilton, Judge presiding, and a jury, at the November, 1940, Special Term of Superior Court of Bladen County, and the issue submitted to the jury and the answers thereto are as follows:

"1. Are the plaintiffs the owners of, and entitled to the possession of the lands and premises described in the complaint? Ans.: 'Yes.'

"2. Does the defendant unlawfully withhold the possession of said lands from the plaintiff? Ans.: 'Yes.'

"3. Is the plaintiff's cause of action barred by the seven-year statute of limitations? ·Ans.: 'No.'

"4. What damage, if any, is the plaintiff and his co-tenants entitled to recover? Ans.: 'None.'

"It is now, upon motion of Herbert McClammy, Ordered, Adjudged and Decreed that the plaintiff, Junius McKay, and his tenants in common, are the owners in fee simple of and are entitled to the immediate possession of that said lot, tract or parcel of land in the Town of Elizabethtown, Bladen County, North Carolina, described and defined as follaws :, to-wit:

"In the Town of Elizabethtown, beginning at the Northeast corner of the intersection of Queen and Poplar Streets, and running thence as the East line of Poplar Street, now North 22¼ East 3.18 chains (210 ft.) to an iron rod a corner of lot; thence as a line of that lot, now South

67¾ degrees East 3.18 chains (210 ft.) across the end of the Cape Fear River Bridge fill to an iron rod now large tree, a corner of............... .lot; thence a line of that lot, South 22¼ West 3.18 chains to a piece of piping in the North line of Queen Street; thence as a line North 67¾ degrees West 3.18 chains to the beginning. The above description is intended to convey all the lands owned by the heirs at law of Richard McKay, deceased, in the Town of Elizabethtown, N. C.

"It is Further Ordered, Adjudged and Decreed that the plaintiff have and recover of the defendant the cost of this action, and that the Clerk of this Court issue a writ of assistance demanding him to eject the defendant and all persons claiming by, through and under him, and to put the plaintiff and his tenants in common in possession of the above-described lands and premises. Luther Hamilton, Judge Presiding."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Hector H. Clark and Edward B. Clark for plaintiff.*
*A. M. Moore for defendant.* ·

CLARKSON, J. This case was before this Court at the Fall Term, 1934, when a new trial was granted the defendant. *McKay v. Bullard,* 207 N. C., 628.

From a careful reading of the record it seems that the case was mainly one of fact for the jury to determine. This Court, on appeal, can consider only questions of "law or legal inference." Const. of N. C., Art. IV, sec. 8.

At the close of plaintiff's evidence and at the close of all the evidence, the defendant in the court below moved for judgment as of nonsuit. N. C. Code, *supra, sec.* 567. Technically the motion at the close of all the evidence did not comply with the statute, *supra,* ·as it appears of record "The defendant moved for judgment"; yet we consider it as of nonsuit—which motions we think cannot be sustained. It is well settled that upon a motion for nonsuit, the evidence is to be taken in the light most favorable to the plaintiff and he is entitled to the benefits of every reasonable intendment upon the evidence and reasonable inference to be drawn therefrom.

The plaintiff offered in evidence deed from James M. White to Richard L. McKay, dated 21 May, 1873, duly recorded; the testimony of Junius McKay, the plaintiff and son of Richard L. McKay, who inherited the property; deed from Junius McKay and others to J. L. Wright, 12 August, 1926, duly recorded, and deed from J. L. Wright and others to Junius McKay, dated 10 May, 1933, duly recorded. The McKay land

described in the complaint was identified by the plaintiff, Junius McKay, Tom Sheridan and others, and the use to which it was made when it was in the possession of Junius McKay and others under whom he claims. *Owens v. Lumber Co.,* 210 N. C., 504 (508).

The defendant contends that the plaintiff should not have been permitted to introduce a map of the town of Elizabethtown in evidence, it not being shown to be true, accurate or authentic. We cannot so hold on the evidence in this case.

John D. Beatty testified for plaintiff: "I survey and am an attorney at law; I am familiar with this map. I recognize it as the official map of the old part of the town of the Town of Elizabethtown (Defendant objected, overruled). I locate property and lots in the Town of Elizabethtown with reference to this map as being official. I have regarded this as an official map of the town for the past 15 years. Property owners of the Town of Elizabethtown recognize this as the official map of the old part of the town."

Newton Robinson testified for plaintiff: "I have known this plat or map for a long time. I would say about 25 years. It is generally accepted as an official map. Poplar Street is still used. There are houses on the lower part of Poplar Street. It is in pretty bad shape but it is still used. There has not been any change of Poplar Street to my knowledge. I have known it all my life—I am 47."

Defendant made no exception to the evidence of this witness, Newton Robinson. M. O. Ballard, a witness for defendant, testified in part: "I got my information from this map and the deed for it. . . . I surveyed No. 50 from the map, recorded in the records of Bladen County. I read the R. L. McKay deed. I had it in my hands. No, I don't know that you are in possession of that deed of R. L. McKay, I got the data from the records. I located the R. L. McKay property by that deed and had the old map there to check it from."

In Handbook of Evidence for North Carolina (Lockhart), pp. 26-27, part sec. 29, is the following: "Maps are divided into two classes, public and private. Public maps, such as official maps of cities, etc., may be exhibited as substantive evidence, it seems, but private maps and diagrams cannot be exhibited as substantive evidence, though they may be admitted and shown to the jury to elucidate and explain the testimony of witnesses, and photographs may be admitted and shown to the jury, if the photographs are properly taken and identified. Medical and other scientific books cannot be shown to the jury; neither can the law reports, nor can a written contract." *Lamb v. Copeland,* 158 N. C., 136; *Corpening v. Westall,* 167 N. C., 684; *Thompson v. Buchanan,* 195 N. C., 155.

M. O. Ballard used the map. In *Thompson v. Buchanan,* 198 N. C., 278 (281), we find: "It has been repeatedly held by this Court that if

testimony of the same nature as that objected to, is given by a witness in other portions of his testimony, without objection, that the exception thereto cannot be sustained. *Marshall v. Telephone Co.,* 181 N. C., 410, 107 S. E., 498; *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232; *Tilghman v. Hancock,* 196 N. C., 780, 147 S. E., 300."

The defendant contends: That plaintiff was allowed to ask leading questions over his objection on direct examination and to cross-examine his own witnesses. On the record the contention cannot be sustained.

In *S. v. Buck,* 191 N. C., 528, it is written: "Whether counsel shall be permitted to ask a leading question, is within the discretion of the trial judge. The exercise of such discretion will not be reviewed on appeal. *Crenshaw v. Johnson,* 120 N. C., 270; *Bank v. Carr,* 130 N. C., 479; *S. v. Cobb,* 164 N. C., 419; *Howell v. Solomon,* 167 N. C., 588."

The defendant contends that "The Court erred in permitting the plaintiff to testify as to the lands sold to Marvin Clark, when the deed was the best evidence, and his answer was in contradiction of the deed itself, and to vary a written instrument. There is presumption of regularity in judicial sales." *Johnson v. Sink,* 217 N. C., 702. We cannot so hold on the facts in this record. There is no question raised as to the regularity of the judicial sale of James H. Clark, Commissioner, to G. F. Bullard. Parol evidence was admitted and properly so, to identify the land which is claimed by the plaintiff and the adjoining land which the plaintiff sold to Mr. Marvin Clark. Identification of two lots is the bone of contention in this case. Parol evidence may be used to identify the lands sued for, and fit it to the description contained in the paper writing offered as evidence of title. In this case it was necessary to identify the land described in the complaint and to distinguish it from that land conveyed to the defendant by an indefinite description in the deeds under which the defendant claims.

N. C. Code, *supra,* section 1783, is as follows: "In all actions for the possession of or title to any real estate parol testimony may be introduced to identify the land sued for, and fit it to the description contained in the paper-writing offered as evidence of title or of the right of possession, and if from this evidence the jury is satisfied that the land in question is the identical land intended to be conveyed by the parties to such paper-writing, then such paper-writing shall be deemed and taken to be sufficient in law to pass such title to or interest in such paper-writing is in all other respects sufficient to pass such title or interest."

The law in reference to burden of proof in an action for ejectment is to the effect that where defendants in ejectment denied allegations that plaintiff was owner of land, and that defendants were in wrongful possession and wrongfully withheld possession from plaintiff, burden as to

issues of plaintiff's title and possession by defendants was upon plaintiff. *Mortgage Co. v. Barco,* 218 N. C., 154.

We think the charge covered this aspect. The court charged: "Now, the Court instructs you, Gentlemen, that listing property for taxes is not evidence of ownership by anybody. It is a circumstance, however, which may be considered along with other evidence, but the bare fact that one lists property for taxes does not mean that that one is the owner and it is not at all conclusive of ownership and is not evidence of ownership, it is merely a circumstance that might be considered along with other matters." To the foregoing charge defendant excepted. We see no error in this portion of the charge. *Belk v. Belk,* 175 N. C., 69 (75). This charge is correct, but it is no evidence of value. *Bunn v. Harris,* 216 N. C., 366 (373).

The defendant contended that the court erred in charging the jury, "You should find to be a fair and reasonable value of the property during the time that it has been wrongfully detained or withheld by the defendant Bullard, whatever you find to be a fair allowance or reasonable rental during the time he has had it in possession." We see no error in this charge, if there was, it is not prejudicial, as the jury answered "None." "4. What damage, if any, is the plaintiff and his co-tenants entitled to recover? Ans.: None."

The court below charged correctly as to the 7-year statute of adverse possession, under sec. 428, *supra,* applied the law applicable to the facts, and charged on that issue the burden was on plaintiff, who contended that the deed of Commissioner Clark never conveyed the land in controversy. The defendant contends that the court below directed a verdict in favor of plaintiff as to the 2nd issue in the charge. In respect to this issue we see no error. The defendant did not except to the issue and submit other issues. Nor did defendant request prayers for instruction on the subordinate features of the charge. N. C. Code, *supra,* sec. 565.

There were other contentions made by defendant which we do not think material or prejudicial. The jury on the facts decided against defendant, and we can see on the record no prejudicial or reversible error.

No error.