STATE OF NORTH CAROLINA v. DONNIE WESTMORELAND

No. 7121SC558

(Filed 15 September 1971)

1. Robbery § 4— common law robbery — sufficiency of evidence

Issue of defendant's guilt of the common law robbery of a money box from a store was properly submitted to the jury under the facts of this case.

2. Criminal Law §§ 66, 87— identification of defendant — use of leading questions

A solicitor in a robbery case who had difficulty in getting the State's witness to understand his questions concerning the identity of the defendant as the person who had entered his store did not commit prejudicial error in asking leading questions of the witness and in

pointing out the defendant in the courtroom, especially since the solicitor had not yet established that a crime had been committed.

3. **Robbery § 5— common law robbery — instruction on larceny of property less than $200 in value**

Evidence that when defendant and his companions were apprehended for robbery they had less than $200 on their persons did not warrant an instruction on the offense of larceny of property less than $200 in value, where all the evidence showed that the money taken in the robbery amounted to $600 or $700.

APPEAL by defendant from *Kivett, Judge,* 1 March 1971 Session of FORSYTH Superior Court.

Defendant was tried for common law robbery under an indictment proper in form. He was convicted by the jury and appeals from judgment entered upon the verdict. He was represented by court-appointed counsel at his preliminary hearing in the District Court and different counsel was appointed to defend him at trial in the Superior Court. Upon his request, counsel was appointed to prosecute his appeal. His present counsel did not appear in either of his trials. The State is, of course, also furnishing at no expense to defendant, the transcript of the trial and paying the costs of printing the record and brief on appeal.

*Attorney General Morgan, by Staff Attorney Sauls, for the State.*

*Green, Teeter & Parrish, by D. Blake Yokley, for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the failure of the court to allow his motion for judgment of nonsuit. The evidence tends to show: The defendant, his wife, and one other drove up to the front of Graves Grocery, drove past the front and parked in the garage in the driveway. There were three people in the car. They asked for oil. The store employee, prosecuting witness, put the oil in the car after one of the occupants had gotten out and helped him raise the hood. The defendant got out of the car, but the employee did not know where he went. Defendant's wife got out of the car and went in the store. After the witness finished putting the oil in the car, he started in the store and found the door locked. He could not say whether anyone locked the door because it did "lock

itself" sometimes. Defendant's wife came to the door. Witness did not remember whether she opened the door or whether he unlocked it with the use of his key since it all occurred at the same time, but he went in the store. Defendant's wife asked for a beer, which he got and put in a bag. Whereupon, she opened the beer. Witness told her she could not drink beer on the premises and would have to go out. She responded that she would drink it where she pleased and got up on top of the ice cream counter and sat there drinking the beer. Witness opened the door for her and told her to get out and told her they didn't want her in there and didn't allow drinking beer on the premises, "and the next thing I knew, she had the money box going out with it. It was the store's money box, I couldn't say positively how much was in it, but around six or seven hundred dollars. It was sitting on the ice cream box. She started out with the money box and I grabbed her. She dropped the box. Then Donnie come to the door and reached in the door and got it and run with it. Well, I reached for the gun and whenever I got ahold of it, why, she run behind the counter and grabbed it and throwed her arms around me and beat me to keep me from turning around with the gun. She beat me with her fists, but she didn't have anything in her hand that I could see. She hit me in the stomach and made me sick and I just give it up. Donnie Westmoreland had the money box the last time I saw it. After they went out the door, I didn't see them anymore. I was kind of sick and I done give it up. They left in the car. I had seen them something like a week or two before. They had stopped there a time or two and bought gas. I did not get the money box or any of the money back."

The evidence is sufficient for submission to the jury under proper instructions from the court. Defendant's first assignment of error is overruled.

[2] Defendant next argues that prejudicial error was committed when the court allowed "an in-court identification of the defendant." The record reveals that the store employee was the first witness for the State. The solicitor had a most difficult time getting the witness to understand the questions and give an answer which was responsive to the question asked. The solicitor was attempting through the witness to develop the events on the night of the robbery. He asked witness if any person came to the store about 7:30 on 20 November. The witness replied "Not except the ones that's involved."

---

---

"Q. The ones involved?

A. Yes.

Q. You're talking about these two people?

MR. YOKLEY: OBJECTION to leading.

COURT: OBJECTION SUSTAINED. Do not lead the witness. Go ahead."

The solicitor for two pages of evidence tried valiantly to get the witness to testify as to who was in the store on 20 November at about 7:30 p.m. with little or no success. He finally succeeded in getting the testimony that Mrs. Westmoreland and two other people came to the store in a car. The following transpired:

"Q. Is one of the other three people in the court today?

A. I think so.

MR. YOKLEY: OBJECTION, your Honor.

COURT: OBJECTION SUSTAINED as to what he thinks. You will disregard what he thinks, members of the jury. Go ahead.

Q. Mr. Horton, was this lady back here in the green, was she in your place of business?

A. She come in along about that same time.

Q. And was this woman in your place of business?

MR. YOKLEY: OBJECTION, your Honor.

COURT: OBJECTION OVERRULED.

EXCEPTION No. 3.

A. Yes, she was in.

Q. How about this man, was he in your place of business?

MR. YOKLEY: OBJECTION.

COURT: OVERRULED.

EXCEPTION No. 4.

A. Yes, he come in right at the end, right on the end. She just barely come to the door—

State v. Westmoreland

MR. YOKLEY: OBJECTION, your Honor. Objection to the answer and motion to strike.

COURT: To pointing out the defendant?

MR. YOKLEY: Yes, sir. I would like for the record to show the Solicitor pointed him out.

COURT: OBJECTION OVERRULED. Let the record show that the Solicitor pointed to him and asked him if he was in the station or grocery store at the time.

EXCEPTION NO. 5."

At this point in the proceedings the solicitor had not even established that a crime had been committed. He was attempting to elicit evidence as to who was in the store at 7:30 on 20 November. It is true that 20 November is the date given in the indictment. No time is indicated. It is also obvious that it was necessary for the solicitor to ask leading questions of this particular witness. Whether counsel is to be permitted to ask leading questions is within the discretion of the trial tribunal. *McKay v. Bullard*, 219 N.C. 589, 14 S.E. 2d 657 (1941). The defendant did not request a *voir dire* and the court did not, on its own noting, conduct one. Nor was a *voir dire* examination necessary. The witness had not attempted to identify defendant or anyone else as a person who had committed a crime or even one charged with the commission of a crime. The principles enunciated in *U. S. v. Wade*, 338 U.S. 218, 87 S.Ct. 1926, 18 L. Ed. 2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed. 2d 1178 (1967); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed. 2d 1199 (1967), relied upon by defendant are not applicable, because the facts here do not present a case which falls within the rationale of those cases. This assignment of error is also overruled.

[3] Defendant, by his third assignment of error, contends that the trial tribunal committed prejudicial error by failing to submit to the jury the lesser included offense of larceny of property of a value of less than $200. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Williams*, 275 N.C. 77, 88, 165 S.E. 2d 481,

Sanders v. Anchor Co.

488 (1969), quoting *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). There was evidence that when defendant and his companions were later apprehended, they had less than $200 in money on them, but the only evidence of the amount of money taken was between six and seven hundred dollars. This assignment of error is without merit.

Defendant's remaining assignments of error are to the charge of the court. The portions of the charge to which defendant excepts could not have mislead the jury nor confused them and therein we find no prejudicial error.

Affirmed.

Judges BRITT and PARKER concur.