STATE OF NORTH CAROLINA v. ALEXANDER WILLIAMS

No. 7221SC86

(Filed 23 February 1972)

**1. Witnesses § 1— competency of seven-year-old child to testify**
     The trial court did not abuse its discretion in determining that a seven-year-old child was competent to testify in this prosecution for breaking and entering and larceny.

**2. Criminal Law § 87— leading questions — seven-year-old witness**
     The trial court in a breaking and entering and larceny prosecution did not abuse its discretion in permitting the solicitor to ask leading questions of a seven-year-old witness.

APPEAL by defendant from *Kivett, Judge,* 23 August 1971 Session of Superior Court held in FORSYTH County.

Defendant was charged in separate counts of a bill of indictment, proper in form, with breaking and entering and larceny.

The State offered evidence tending to show that Edna Everett left her house to visit a neighbor on 21 April 1971. The house was locked. She returned on the same day before dark and found that the glass was out of the back door and the door facing was off. Her daughter's television set was missing from the house. Neither Mrs. Everett nor her daughter gave anyone permission to enter the house or remove the television set.

---

**State v. Williams**

---

Coya West, a seven-year-old child, was called to testify as a witness for the State. Upon examination by defendant, the court directed a *voir dire* examination of the witness. The witness testified on *voir dire* that she is in the second grade and attends church and Sunday school regularly. She stated that she knows the meaning of an oath, explaining, "[I]f you tell a lie you will go to the devil." The witness responded accurately to various other questions concerning her age, residence and family.

The court found facts consistent with the witness' testimony and from these findings and from "observing the demeanor of the witness in the courtroom," concluded "that she does know the meaning of an oath and the impropriety and possible consequences of telling an untruth; and that she is an intelligent child and that she has responded intelligently to the questions that have been asked; and the Court concludes that she is a competent witness to testify at the trial of this case."

Coya West then testified before the jury that while riding her bike on the sidewalk on 21 April 1971, she observed defendant and another person remove the glass from the back door of Mrs. Everett's house, enter the house, and return later with a television set. She stated:

"I sat on my bike, saw them take the glass out, open the door and go in. I was right behind them. They went in the door and took the television out the window—out the door. Zeke had the TV when they came out. They went up by the churchyard on Lime. I ran back up there and told my daddy that I saw George, Jr., and Zeke took out Miss Edna's TV. I do not recall what I did after that. Zeke (Alexander Williams) has been to my house a lot of times. I do not know why Zeke was coming to my house."

The jury found defendant guilty of both charges. The counts were consolidated for judgment and defendant appeals from the judgment entered.

*Attorney General Morgan by Associate Attorney Speas for the State.*

*Curtiss Todd for defendant appellant.*

GRAHAM, Judge.

[1] Defendant concedes that the competency of a child to testify as a witness is a matter resting in the sound discretion of the trial court. *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493; *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406. He argues, however, that the court's finding in this case that the seven-year-old witness was competent amounts to an abuse of discretion. We do not agree.

Responses of the child to questions asked on voir dire indicate that she had a sufficient understanding to apprehend the obligations of her oath and that she was capable of giving a correct account of the events which she witnessed on 21 April 1971. In addition, the trial judge personally observed the demeanor of the child and properly considered this in concluding that she was a competent witness. "There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matter as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness." *State v. Turner, supra* at 230, 150 S.E. 2d at 410.

[2] Defendant further contends that the court erred in permitting the solicitor to ask the seven-year-old witness leading questions. The record reflects the following:

"All right, now, Coya, on April 21, 1971, tell the Court

MR. TODD: I object to his leading questions.

THE COURT: Well, in light of the tender years of the child, the Court will permit leading questions to be put to her. Objection overruled.

MR. TODD:    EXCEPTION.

EXCEPTION NO. 2."

The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be reviewed on appeal in the absence of a showing of an abuse of discretion. *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225. "Leading questions are permissible when . . . a child of tender

years . . . is testifying and his attention cannot otherwise be directed to the matter in question." Stansbury, N.C. Evidence 2d, § 31 at 59.

We find no abuse of discretion on the part of the trial judge in permitting the solicitor to ask leading questions of the seven-year-old witness. Moreover, it is noted that except for the question which prompted defendant's objection, no questions by the solicitor are set forth in the record, all of the child's testimony being in the narrative. In view of this, it is impossible to tell whether the solicitor actually asked leading questions as the court had indicated he could do.

Defendant's final contention is that the court erred in overruling his motion to dismiss the charges as of nonsuit. This contention is obviously without merit.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.