STATE OF NORTH CAROLINA v. CHARLES W. MARKHAM

No. 7414SC167

(Filed 20 February 1974)

1. **Witnesses § 1; Rape § 18— assault with intent to commit rape — competency of nine-year-old to testify**

     The trial court in a prosecution for assault with intent to commit rape did not err in finding the nine-year-old victim of the assault competent to testify.

2. **Rape § 18— assault with intent to commit rape — examination of victim — testimony admissible**

     The solicitor's question, "What was he trying to do?" put to the victim while she was testifying concerning defendant's conduct at the time of the assault did not call for an answer which constituted

State v. Markham

an invasion of the province of the jury or require the witness to express an opinion as to defendant's intent, an essential element of the offense charged.

3. **Rape § 18— assault with intent to commit rape — failure to submit lesser included offenses**

In a prosecution for assault with intent to commit rape where the State's evidence, if believed, showed that defendant gave his nine-year-old stepdaughter wine to drink until she became dizzy, then took her into his bedroom, partially disrobed her, and attempted to have sexual intercourse with her, and where the defendant's evidence, if believed, showed that none of these events occurred, the trial court did not err in failing to submit any lesser included offense to the jury.

APPEAL by defendant from *Clark, Judge,* 1 October 1973 Session of Superior Court held in DURHAM County.

Defendant, indicted for assault with intent to commit rape on a nine-year-old girl, pled not guilty, was found guilty by the jury, and from judgment imposing a prison sentence, appealed.

*Attorney General Robert Morgan by Associate Attorney Norman L. Sloan for the State.*

*Loflin, Anderson & Loflin by Thomas B. Anderson, Jr. for defendant appellant.*

PARKER, Judge.

[1] There was no error in the trial court's ruling finding the nine-year-old victim of the assault competent to testify. This was a matter resting within the sound discretion of the trial court, *State v. Cooke,* 278 N.C. 288, 179 S.E. 2d 365; *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493; *State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54; *State v. Williams,* 13 N.C. App. 619, 186 S.E. 2d 628; and no abuse of discretion has been shown. Prior to making its ruling, the trial court dismissed the jury and the child was examined and cross-examined with reference to her schooling, general understanding, and her religious belief concerning the telling of a falsehood. Her responses support the court's finding that she was intelligent, had an understanding of the sanctity of an oath, and that she was competent to testify. The trial judge, through his personal observation of the child while she was being questioned, was in the best position to make an accurate determination of these matters, and his ruling thereon will not be disturbed on this appeal.

[2] While the child was testifying concerning defendant's conduct at the time of assault, the solicitor asked her, "What was he trying to do?" Defendant's objection to this question was overruled, which he now assigns as error. He contends that by answering the question the witness was permitted to invade the province of the jury and to express an opinion as to defendant's intent, an essential element of the offense charged. This contention is without merit. The witness answered the question in a straightforward factual manner by relating to the jury the physical events, which, according to her testimony, occurred. The jury was free to believe or to reject this testimony, as they might any other part of her testimony, and to make their own determination from such portions of the testimony as they found to be true as to what defendant's intent had been. This assignment of error is overruled.

[3] Finally, defendant contends that the court committed error in instructing the jury that they could return one of two verdicts, guilty as charged or not guilty, and in failing to submit issues as to defendant's guilt or innocence of lesser included offenses. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545. In the present case, the State's evidence, if believed, showed that defendant gave his nine-year-old stepdaughter wine to drink until she became dizzy, then took her into his bedroom, partially disrobed her, and attempted to have sexual intercourse with her. Defendant's evidence, if believed, showed that none of these events occurred. There being no evidence from which the jury could find that any lesser included offense might have been committed, the court's instruction to the jury was without error.

No error.

Judges BRITT and VAUGHN concur.