STATE OF NORTH CAROLINA v. RANDALL P. COURSON

No. 7512SC508

(Filed 15 October 1975)

1. Criminal Law § 91— continuance — denial proper

The trial court did not err in denying defendant's motion for continuance made on the ground that the trial court's commendation one day before of the district attorney for taking a nol pros in another case implied that there was sufficient evidence to convict in defendant's case.

2. Witnesses § 1— nine year old crime against nature victim — competency to testify

In a prosecution of defendant for crime against nature with his nine year old stepdaughter, the competency of the stepdaughter to testify was addressed to the discretion of the trial court.

3. Criminal Law § 87— leading question proper

The trial court did not abuse its discretion in allowing the prosecutor to ask a leading question, considering the youth of the witness and the sensitivity of the issue.

4. Criminal Law § 34— prior acts of defendant — evidence admissible

The trial court properly allowed evidence as to prior acts of defendant which showed intent, state of mind or design, and motive.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 13 February 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 September 1975.

Defendant was tried under an indictment charging him with the crime against nature with Kimberly Anne Yorke, the defendant's nine-year-old stepdaughter. The jury returned a verdict of guilty as charged. From a judgment imposing a prison sentence, the defendant appealed to this Court.

*Attorney General Edmisten, by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*James D. Little for defendant appellant.*

ARNOLD, Judge.

[1] Defendant was tried a day after the trial judge commended the district attorney in the presence of the jury panel for taking a nol pros in another case. Defendant argues that it was error not to allow a continuance because the judge's remark implied that there was sufficient evidence to convict in his case.

A motion for continuance is addressed to the sound discretion of the trial judge and his ruling is not reviewable absent a manifest abuse of discretion. *O'Brien v. O'Brien,* 266 N.C. 502, 146 S.E. 2d 500 (1966); *Johnson v. Johnson,* 14 N.C. App. 40, 187 S.E. 2d 420 (1972). The trial judge did not abuse his discretion in denying defendant's motion for continuance.

[2] Defendant assigns error to the admission of the testimony of Kimberly Anne Yorke. The defendant contends that Miss Yorke was incompetent to testify because of her tender age and because of her lack of comprehension of the nature of the proceedings against her stepfather.

The competency of a witness is addressed to the discretion of the trial court and where the record discloses that upon the voir dire the court inquired into the child's intelligence and understanding and admitted her testimony upon evidence supporting the conclusion of competency, we will not find that the trial court abused its discretion. *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493 (1968); *State v. Markham,* 20 N.C. App. 736, 202 S.E. 2d 790 (1974).

[3] Defendant further argues that the trial court erred in failing to sustain the objection to a leading question asked by the prosecutor. It is an established rule that it is within the discretion of the trial court to permit counsel to ask leading questions. *State v. Johnson,* 272 N.C. 239, 158 S.E. 2d 95 (1967); *State v. Westmoreland,* 12 N.C. App. 357, 183 S.E. 2d 265 (1971); *McKay v. Bullard,* 219 N.C. 589, 14 S.E. 2d 657 (1941). Considering the youth of the witness and the sensitivity of the issue, we find that the trial judge did not abuse his discretion.

[4] Finally, defendant contends that the trial court erred in failing to sustain objections as to prior acts of the defendant. It is generally recognized that evidence of other crimes may not be introduced for the purpose of showing the accused to be a man of bad character likely to commit the crime charged. However, in the present case the evidence was properly admitted to show intent, state of mind or design, and motive. *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785 (1968); *State v. Spain,* 3 N.C. App. 266, 164 S.E. 2d 486 (1968).

We have carefully reviewed all defendant's remaining assignments of error. Defendant received a fair trial, free of prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.